IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

-AUSTIN DIVISION-

| | |
|---|---|
| GREATER BOSTON AUTHENTICATION SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ACTIAN CORPORATION, <br><br> Defendant. | Civil Action No. 1:17-cv -00703 <br><br> PATENT CASE <br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Greater Boston Authentication Solutions, LLC ("GBAS"), as and for its complaint against defendant, Actian Corporation ("Actian"), alleges as follows:

## THE PARTIES

1. Greater Boston Authentication Solutions, LLC ("GBAS") is a Massachusetts corporation having a principal place of business at 48 Ellis Farm Lane, Melrose, MA 02176.

2. GBAS owns a number of patents in the field of remote authorization for unlocking of electronic data.

3. Upon information and belief, Actian is a corporation organized under the laws of Delaware, having a regular and established place of business at 12365-B Riata Trace Parkway, Austin, TX 78727.

4. Upon information and belief, Actian offers its software products with Actian Product Activation technologies, including those accused herein of infringement, to customers

and/or potential customers located in this judicial district of Texas. Actian may be served with process through its registered agent in Texas: CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, TX 75201.

## JURISDICTION AND VENUE

5. GBAS brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Actian is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and has a regular and established place of business in Texas and this judicial district.

7. Actian is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial presence and business in this State and judicial district, including: (A) at least part of its infringing activities, (B) regularly doing and/or soliciting business in Austin, Texas and (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 7,346,583)

8. GBAS incorporates paragraphs 1-7 above by reference.

9. GBAS is the owner, by assignment, of U.S. Patent No. 7,346,583 ("the '583 Patent"), entitled REMOTE AUTHORIZATION FOR UNLOCKING ELECTRONIC DATA SYSTEM AND METHOD that issued on March 18, 2008. A true and correct copy of the '583 Patent is attached as Exhibit A hereto.

10. GBAS has all substantial rights in the '583 Patent, including the right to grant licenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11. Upon information and belief, the following images illustrate the Actian Product Activation software:

# Actian PSQL Product Authorization

## An Actian Corporation Whitepaper

### January 2015

## Product Authorization Basics

Product authorization involves three main components: 1) the software, 2) a key, and 3) a process that validates and authorizes the key for the product. The software is typically delivered with a key and that key is applied during installation and validated on the local machine or, more recently, by a remote process requiring an Internet connection. These are the basics of PSQL product authorization. The biggest difference between current and earlier versions is that product authorization now uses an Internet connection (except in the case of Telephone Authorization) as part of the validation process. The PSQL Product Authorization process can be broken into two main steps: 1) Key Generation and Delivery and 2) Validation and Authorization.



12. Actian has directly infringed, and continues to directly infringe one or more claims of the '583 Patent in the United States during the pendency of the '583 Patent, including at least claims 1-3, 5-12, 14-21, 23-30 and 32-36 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling Actian Product Activation software during the pendency of the '583 Patent which software *inter alia* allows for generating, with a digital signature algorithm, a verification key; combining software and the verification key to create distributable software; inputting identifying information, with the identifying information including user-identifying information, licensing information, batch number, user token date or time, or with the identifying information including a hash of user-identifying information, licensing information, batch number, user token, date or time, to a user-key generator; converting, with the user-key generator, the identifying information to a numeric representation; generating, using the numeric representation, a user key, with the digital signature algorithm; conveying the user key to the user computer system; and verifying, with the verification key, a relationship between the user key and the identifying information to determine an access level to the software.

13. In addition, should the Actian Product Activation software be found to not literally infringe the asserted claims of the '583 Patent, the product would nevertheless infringe the asserted claims of the '583 Patent. More specifically, the accused software performs substantially the same

function (controlling the unauthorized use of software), in substantially the same way (via a verification key to verify the relationship between identifying information and a user key), to yield substantially the same result (determining an access level to the software).  Actian would thus be liable for direct infringement under the doctrine of equivalents.

14.     Actian may have infringed the '583 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Actian Product Activation software.  GBAS reserves the right to discover and pursue all such additional infringing software.

15.     GBAS has been damaged, reparably and irreparably, by Actian's infringement of the '583 Patent and such damage will continue unless and until Actian is enjoined.

## COUNT II
(INFRINGEMENT OF U.S. PATENT NO. 6,567,793)

16.     GBAS incorporates paragraphs 1-15 above by reference.

17.     GBAS is the owner, by assignment, of U.S. Patent No. 6,567,793 ("the '793 Patent"), entitled REMOTE AUTHORIZATION FOR UNLOCKING ELECTRONIC DATA SYSTEM AND METHOD that issued on May 20, 2003.  A true and correct copy of the '793 Patent is attached as Exhibit B hereto.

18.     GBAS has all substantial rights in the '793 Patent, including the right to grant licenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

19.     Actian has directly infringed, and continues to directly infringe one or more claims of the '793 Patent in the United States during the pendency of the '793 Patent, including at least claims 1-3, 5-11, 15-21, 23-30 and 32-34 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Actian Product Activation

software during the pendency of the '793 Patent which software *inter alia* allows for generating, with a digital signature algorithm, a verification key with a product key generator; combining software and the verification key to create distributable software; distributing the distributable software to a user within a group of users; inputting group identifying information to a user-key generator; converting, by the user-key generator, the group-identifying information to a numeric representation; generating, using the numeric representation, a user key with the digital signature algorithm; conveying the user key to the user computer system; and verifying, with the verification key, a relationship between the user key and the group-identifying information to determine an access level to the protected software.

20. In addition, should the Actian Product Activation software be found to not literally infringe the asserted claims of the '793 Patent, the product would nevertheless infringe the asserted claims of the '793 Patent. More specifically, the accused software performs substantially the same function (controlling the unauthorized use of software distributed to a group of users), in substantially the same way (via a verification key to verify the relationship between group-identifying information and a user key), to yield substantially the same result (determining an access level to the protected software).

21. Actian may have infringed the '793 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Actian Product Activation software. Actian reserves the right to discover and pursue all such additional infringing software.

22. GBAS has been damaged, reparably and irreparably, by Actian's infringement of the '793 Patent and such damage will continue unless and until Actian is enjoined.

## COUNT III
(INFRINGEMENT OF U.S. PATENT NO. 5,982,892)

23. GBAS incorporates paragraphs 1-22 above by reference.

24. GBAS is the owner, by assignment, of U.S. Patent No. 5,982,892 ("the '892 Patent"), entitled SYSTEM AND METHOD FOR REMOTE AUTHORIZATION FOR UNLOCKING ELECTRONIC DATA that issued on November 9, 1999. A true and correct copy of the '892 Patent is attached as Exhibit C hereto.

25. GBAS has all substantial rights in the '892 Patent, including the right to grant licenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

26. Actian has directly infringed, and continues to directly infringe one or more claims of the '892 Patent in the United States during the pendency of the '892, including at least claims 1-3 and 6-7, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its Actian Product Activation software during the pendency of the '892 Patent, which software *inter alia* allows for generating, with a digital signature algorithm, a verification key with a product key generator; combining software and the verification key to create distributable software; distributing the distributable software to a user; installing the distributable software on a user computer system as protected software; inputting user-identifying information to a user-key generator; converting, by the user key generator, the user-identifying information to a numeric representation; generating, using the numeric representation, a user key with the digital signature algorithm; conveying the user key to the user computer system; and verifying, with the verification key, a relationship between the user key and the user identifying information to determine an access level to the software..

27. In addition, should the Actian Product Activation software be found to not literally infringe the asserted claims of the '892 Patent, the product would nevertheless infringe the asserted claims of the '892 Patent. More specifically, the accused software performs substantially the same

function (controlling the unauthorized use of software), in substantially the same way (via a verification key to verify the relationship between identifying information and a user key), to yield substantially the same result (determining an access level to the software).  Actian would thus be liable for direct infringement under the doctrine of equivalents.

28.     Actian may have infringed the '892 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Actian Product Activation software.  GBAS reserves the right to discover and pursue all such additional infringing software.

29.     GBAS has been damaged, reparably and irreparably, by Actian's infringement of the '892 Patent and such damage will continue unless and until Actian is enjoined.

## PRAYER FOR RELIEF

GBAS requests that the Court enter judgment against Actian as follows:

(A)     Actian has infringed the '583 Patent, the '793 Patent, and the '892 Patent;

(B)     awarding GBAS its damages suffered as a result of Actian's infringement of the '583 Patent, the '793 Patent, and the '892 Patent;

(C)     enjoining Actian, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '583 Patent, the '793 Patent, and the '892 Patent;

(D)     awarding GBAS its costs, attorneys' fees, expenses and interest, and

(E)     granting GBAS such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

GBAS hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Date: July 24, 2017                                    Respectfully submitted,

                                                                                   /s/Artoush Ohanian
                                                                                   Henry Artoush Ohanian
                                                                                   State Bar No. 24013260
                                                                                   OhanianIP
                                                                                   400 West 15th Street
                                                                                   Austin, Texas 78701
                                                                                   Phone: (512) 791-7963
                                                                                   Fax: (512) 298-2005
                                                                                   artoush@ohanianip.com

                                                                                  **ATTORNEYS FOR THE PLAINTIFF**